SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 27 2017
BY_____ ARTHUR JOHNSTON
DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODNEY ALLEN WOODRUFF                      PLAINTIFF

VERSUS                               CIVIL ACTION NO. 3:17cv862 WHB-JCG

MONSANTO COMPANY                          DEFENDANT

## COMPLAINT
### PLAINTIFF REQUESTS JURY TRIAL

Comes the Plaintiff, Rodney Allen Woodruff, through his attorneys and files this his Complaint against the Defendant, Monsanto Company, and in support hereof would show unto the Court the following facts, to-wit:

1.

Plaintiff, Rodney Allen Woodruff is an adult resident citizen of Issaquena County, Mississippi.

2.

The Defendant, Monsanto Corporation, is a publicly traded Delaware corporation which does business worldwide and is qualified and licensed to business in the state of Mississippi. Its legal address is 800 North Lindbergh Blvd.,St. Louis, Missouri, 63167. The process of this Court may be had on Monsanto Company by serving Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi, 39211, its registered agent for process within the state of Mississippi.

3.

This Court has jurisdiction over the parties and the subject matter of this cause of action pursuant to 28 U.S.C. § 1332, by reason of complete diversity of citizenship between the Plaintiff

and the Defendant and the amount in controversy being in excess of Seventy Five Thousand Dollars ($75.000.00), exclusive of interests and costs.

4.

Monsanto Company designed, engineered, manufactured and sold certain agricultural chemicals known as Roundup and Roundup ProMax herbicide. Said products contain Potassium salt of N-(phosphonomethyl) glycine (Potassium salt of glyphosate), along with other ingredients, the specific chemical identies of which were withheld because they were claimed to be trade secret information of Monsanto Company.

5.

Monsanto Corporation, through its distributors in the State of Mississippi sold to Rodney Allen Woodruff Roundup and Roundup ProMax herbicide with knowledge of its intended use by Rodney Allen Woodruff of spraying growing crops on lands he farmed in Mississippi.

6.

For approximately 30 years prior to November, 2014, Rodney Allen Woodruff utilized Roundup and Roundup ProMax to spray his 3000 to 12000 acres of farm crops by use of agriculturall aircraft spray and outrigger land rig sprayer with extended row width booms. At all times while using Roundup and Roundup ProMax, Rodney Allen Woodruff took precautionary measures iwearing of protective clothing, respiratory masks and goggles to prevent exposure to the sprayed chemicals. Unbeknown to Rodney Allen Woodruff were the fallacies of the Material Safety Data Sheets for both Roundup and Roundup ProMax and the labels which were contained on the containers of Roundup and Roundup ProMax herbicide sold to him by the Defendant.

7.

After the many years of use in his farming operations applying Roundup and Roundup ProMax, on November 10, 2016, Rodney Allen Woodruff was diagnosed with Mantle Cell Non-Hodgkins Lymphoma. Mantle Cell Non-Hodgkins Lymphoma is latent disease the first symptoms of which were first manifested in Rodney Woodruff in November, 2016 at M.D. Anderson Cancer Center in Houston, Texas to which Rodney Woodruff was referred by his local physicians.

8.

Plaintiff's Mantel Cell Non Hodgkins Lymphoma was proximately caused and proximately contributed to by the many years of exposure to and use of Roundup and Roundup ProMax by Rodney Allen Woodruff. Said products are toxic to human beings and proximately cause and proximately contribute to the cause of the Mantle Cell Non-Hodgkins Lymphoma which developed in Rodney Allen Woodruff's body.

9.

Monsanto Company sold Roundup and Roundup ProMax Herbicide through its distribution network to Rodney Allen Woodruff. Said products were was anticipated to be used as a sprayed on chemical to control weeds, grasses and other non-crop plants in his farm fields..

10.

Plaintiff alleges and will show that Monsanto Company knew that Roundup and Roundup ProMax were toxic to human beings who came into skin or respiratory contract with the sprayed chemicals contained in said products. In fact, Monsanto Company contended just the opposite disseminating untruthful information and printed materials and representing to the United States Department of Envorinmental Quality that said products were non-toxic and were non-

carconigenic. Plaintiff further alleges that Monsanto Company conspired with an official of the Department of Ennvorinmental Quality and participated in the preparation of the report issued by the Department of Envorinmental Quality that said products were not harmful to human beings and would not cause or contribute to the cause of cancer, when in fact, it knew that Roundup and Roundup ProMax would and did cause cancer in those individuals who were constantly and extensively exposed to same while using said products for agricultural purposes on large scale farming operations, including spraying via aircraft and land mobile spray rigs.

11.

Plaintiff charges that both Roundup and Roundup MaxPro were defectively dangerous and that said defect proximately caused and proximately contributed to the Plaintiff's injuries and damages and his development of Mantle Cell Non Hodgkins Lymphoma cancer. Said products were defective in the following particulars:

a. Roundup and Roundup ProMax were designed in a defective manner;

b. Roundup and Roundup ProMax failed to conform to the express factual representations upon which Rodney Allen Woodruff justifiably relied and had a right to rely in deciding to use same, so that said products breached the implied warranty of fitness to be used safely on the farm to control weeds and other grasses and plants, without causing Plaintiff to develop cancer as a result of exposure to same while they were being used for their intended use and purpose;

c. The defective and unreasonably dangerous condition of Roundup and Roundup ProMax was known to Monsanto Company and it failed to warn Rodney Allen Woodruff and other farmers who used same extensively and who were exposed substantially to the chemicals contained in said products which were known to Monsanto Company to

contain cancer causing compounds and chemical formulas.

d, Monsanto Company knew, or in the light of reasonably available knowledge knew or should have known of the dangers of Roundup and Roundup ProMax caused cancer and Rodney Allen Woodruff, as an ordinary user or consumer, had no knowledge of or appreciation the dangers of using Roundup and Roundup ProMax of as indicated by the labeling furnished for the use of said product, would not and did not realize the cancer causing dangers posed by said products. Neither Roundup nor Roundup ProMax contained an adequate product warning or instruction that a reasonably prudent chemical manufacturer would have provided with respect to that danger and which failed to communicate to Rodney Allen Woodruff sufficient information on the dangers and safe use of said products, taking into consideration the characteristics of, and the ordinary knowledge common to an ordinary consumer and farmer who purchased and used said products. He did not voluntarily expose himself to the dangers posed by said products about which he did not know or appreciate so that he did not register any assent to continuance of the dangerous conditions of same. Both Roundup and Roundup ProMax were dangerously defective due to the lack of an adequate warning. Said defect proximately caused and proximately contributed to the injuries and damages sustained by Rodney Allen Woodruff.

12.

Monsanto Company is strictly liable in tort for the damages proximately caused to Rodney Allen Woodruff by Roundup and Roundup ProMax, because at the time the said products left the hands of Monsanto Company, each was defective and dangerous. No changes or

alterations in said products were made between the time they left the hand of Monsanto Company and the use of same by Rodney Allen Woodruff. Said defects rendered Roundup and Roundup ProMax dangerously defective. Said defects proximately caused and proximately contributed to the injuries and damages sustained by Rodney Allen Woodruff.

13.

Plaintiff charges that Roundup and Roundup ProMax were each defective because of their chemical engineering design. In the light of reasonably available knowledge in the exercise of reasonable care Monsanto Company knew or should have known about the danger posed by said products which caused the injuries and damages to Rodney Allen Woodruff and both products failed to function as expected, that is, to be used extensively in farming operations without the dangers of causing cancer to the users of same, including Rodney Allen Woodruff. There existed feasible alternative design of chemical formulas and composition which would, to a reasonable probability, have eliminated or prevented his injuries without impairing the utility, usefulness, practicality or desirability of Roundup or Roundup ProMax to users or consumers of said products. Monsanto Company was negligent in the design of Roundup and Roundup ProMax. Said negligence proximately caused and proximately contributed to the cause of Rodney Allen Woodruff developing Mantle Cell Non Hodgkins Lymphoma, his injuries and damages.

14.

As a direct and proximate result of his exposure to Roundup and Roundup ProMax, Rodney Allen Woodruff has sustained damages in the following categories:

    a. severe pain, suffering, mental anguish and loss of enjoyment of life, past and future.

    b. incurring medical expenses for the diagnosis and treatment of his cancer in the form of biopsies, surgeries, chemotheapy, medications and other items of related medical

expenses in an amount of at least $500,000. That he can reasonably expect to incur sizeable additional sums in the future for the treatment of his injuries.

c. Lost earnings resulting from total disability amount to at least $100,000 per year.

d. permanent loss of health and damage to his body resulting from the cancer caused by Roundup and Roundup ProMax.

That all of said damages were proximately caused and proximately contributed to by the Strict Liability, negligence and breach of warranty by the Defendant, Monsanto Company.

Wherefore, Plaintiff demands Judgment against Monsato Company in an amount in excess of the jurisdictional threshold of this Court, to be set by the jury or trier of fact, together with interest at the legal rate thereon until paid, and all costs.

Respectfully submitted,

*/s/ James W. Nobles, Jr.*
James W. Nobles, Jr

James W. Nobles, Jr.
Miss. Bar No. 3873
Texas Bar No. 15053040
201 Clinton Parkway
Clinton, Mississippi, 39056-9442
Telephone: 601-926-1912
Fax: 601-926-1914
e-mail:nobleslaw@gmail.com

and

Travis T. Vance, Jr.
Miss. Bar No. 6085
914 Grove Street
Vicksburg, Mississippi, 39180
Telephone: 601-638-0046
Fax: 601-638-1673
e-mail:travis@vancebonnerlaw.com
Attorneys for Plaintiff, Rodney Allen Woodruff